IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 14-cv-01762-BNB

MICAH JAMES BLACKFEATHER,

      Applicant,

v.

BOULDER COUNTY JAIL,
BOULDER COUNTY COURTS,
BOULDER COUNTY SHERIFF'S DEPT.,
COLORADO MENTAL HEALTH INSTITUTE PUEBLO, and
WILLIAM J. MAY,

      Respondents.

---

ORDER OF DISMISSAL

---

Applicant, Micah James Blackfeather, is confined at the Colorado Mental Health

Institute at Pueblo, Colorado.  Mr. Blackfeather initiated this action by filing *pro se* a

"Motion to Admit Evidence of Perjury Violation of Due Process of Law" (ECF No. 1), a

"Motion for Court Appointed Attorney, Filing, Court Proceeding, Bond P.R." (ECF No. 3),

and a "Motion to Acquire Council, File a Lawsuit Against McDonalds Corp." (ECF No. 4)

seeking relief pertinent to his pending state court criminal cases in the Boulder County

District Court.  The instant habeas corpus action was commenced and, on June 24,

2014, Magistrate Judge Boyd N. Boland entered an order directing Mr. Blackfeather to

cure certain deficiencies if he wishes to pursue his claims.  In particular, Magistrate

Judge Boland directed Mr. Blackfeather to file on the proper form an application for a

writ of habeas corpus and either to pay the $5.00 filing fee or to file on the proper form a

motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On June 30, 2014, Mr. Blackfeather filed a motion requesting the necessary

forms to cure the deficiencies.  (*See* ECF No. 6.)  On July 1, 2014, Mr. Blackfeather

submitted for filing in this action a Prisoner's Motion and Affidavit for Leave to Proceed

Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 9), a Prisoner's

Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 10), a

letter expressing his innocence in the pending state court criminal cases (ECF No. 11),

an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 12)

that is not signed challenging the pending state court criminal proceedings, and a

Prisoner Complaint (ECF No. 13) seeking release on bond and dismissal of the pending

state court criminal charges.  On July 2, 2014, Mr. Blackfeather tendered for filing in this

action a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF

No. 14).  On July 7, 2014, Mr. Blackfeather submitted for filing a statement from his

custodian (ECF No. 15) indicating that he has no funds in his inmate account.  On July

10, 2014, Mr. Blackfeather submitted for filing in this action another Prisoner's Motion

and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus

Action (ECF No. 16) and an Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2241 (ECF No. 17) seeking relief pertinent to the pending state court criminal

cases.  On July 17, 2014, Mr. Blackfeather filed in this action two motions and a letter

(ECF Nos. 18-20) asking to be released from custody and other relief pertinent to his

pending state court criminal cases.  On July 21, 2014, Mr. Blackfeather filed in this

action another motion (ECF No. 21) seeking immediate release from custody.  On July

22, 2014, Mr. Blackfeather filed in this action another motion (ECF No. 22) seeking

release from custody.

The operative pleading before the Court is the Application for a Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 17) filed on July 10, 2014.  Mr.

Blackfeather claims in the operative pleading that he is being held illegally because he

is innocent and the criminal charges pending against him are false and that the public

defender appointed to represent him in the state court criminal cases is ineffective and

has a conflict of interest.  As relief Mr. Blackfeather seeks the following:

> Immediat[e] relief please.  1.  Dismiss case,  2.  P.R. Bond
> 3.  Release from all custodies including Colorado Mental
> Health Institute,  4.  New Attorney 35C  5.  Unbiased
> courtroom or change of venue,  6.  OR represent Pro Se with
> attorney help.  7.  my own account of events considered as
> relevant evidence  8.  throw out hearsay evidence and false
> testimony of officer Korn and others.  9.  Tru[]ly investigate
> the case to find out that the victims and witnesses are not
> true,  10.  conduct an investigation with McDonald's Corp.
> regarding the role they played.  11.  Find me obviously
> fals[e]ly imprisoned.

(ECF No. 17 at 5.)  Mr. Blackfeather makes similar claims and allegations and seeks

similar relief in his other pleadings and motions.

The Court must construe the documents filed by Mr. Blackfeather liberally

because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519,

520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the

Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For

the reasons stated below, the action will be dismissed.

Absent extraordinary or special circumstances, federal courts are prohibited from

interfering with ongoing state criminal proceedings.  *See Younger v. Harris*, 401 U.S. 37

(1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).  Abstention is

appropriate if three conditions are met: "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps*, 122 F.3d at 889.

The first condition is met because Mr. Blackfeather concedes that the state court proceedings are ongoing.  The second condition also is met because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45).  With respect to the third condition, Mr. Blackfeather fails to demonstrate the absence of an adequate opportunity to present his claims in the state proceedings.

Mr. Blackfeather "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'" *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).  However, the fact that Mr. Blackfeather will be forced to appear in state court on criminal charges, by itself, is not sufficient to establish great and immediate irreparable injury.  *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977).

Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably

> objective hope of success; (2) whether it was motivated by
> the defendant's suspect class or in retaliation for the
> defendant's exercise of constitutional rights; and (3) whether
> it was conducted in such a way as to constitute harassment
> and an abuse of prosecutorial discretion, typically through
> the unjustified and oppressive use of multiple prosecutions.

*Phelps*, 122 F.3d at 889.  It is Mr. Blackfeather's "'heavy burden' to overcome the bar of

*Younger* abstention by setting forth more than mere allegations of bad faith or

harassment." *Id.*

Mr. Blackfeather fails to demonstrate that the criminal case against him was

commenced with no reasonable hope of success.  He also fails to demonstrate any

improper motivation for the charges.  Finally, there is no indication that the criminal case

against Mr. Blackfeather has been conducted in such a way as to constitute harassment

or an abuse of prosecutorial discretion.  Therefore, the Court finds that *Younger*

abstention is appropriate in this action.

In summary, the instant action will be dismissed because Mr. Blackfeather fails to

allege facts that indicate he will suffer great and immediate irreparable injury if the Court

does not intervene in the ongoing state court criminal proceedings.  If Mr. Blackfeather

ultimately is convicted in state court and he believes that his federal constitutional rights

were violated in obtaining that conviction, he may pursue his claims in federal court by

filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he

exhausts state remedies.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from

this order would not be taken in good faith and therefore *in forma pauperis* status will be

denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438

(1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 9) is GRANTED.  It is

FURTHER ORDERED the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 17) is denied and the action is dismissed without prejudice. It is

FURTHER ORDERED that all pending motions are DENIED as moot.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  25th  day of      July              , 2014.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court